## UNITED STATES v. CHICAGO, ST. P., M. & O. RY. CO.

### No. 4358.

Circuit Court of Appeals, Seventh Circuit.

June 5, 1930.

M. C. List, of Washington, D. C. (Stanley M. Ryan, of Janesville, Wis., and Harold E. Hanson, of Madison, Wis., on the brief), for the United States.

William T. Farjcy, of St. Paul, Minn. (R. N. Van Doren and Nelson J. Wilcox, both of Chicago, Ill., on the brief), for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal is from a judgment dismissing appellant's action brought to recover penalties for violation of the Safety Appliance Act (45 USCA § 1 et seq.). The parties filed a written stipulation waiving a jury trial and also submitted an agreed statement of facts. It appeared therefrom that defendant operated a certain passenger train in interstate commerce which consisted of two engines, two tenders, and thirteen steel passenger cars; that one engine and its tender was used as a "pusher" engine and was operated only for a short distance (about four miles) at which place the grade was too heavy for one locomotive to pull the train.

Both locomotives and tenders and the thirteen steel passenger cars were equipped with power brakes, all capable of being used and operated by the engineer on the head engine, but power brakes were so operated only on the head locomotive, tender, and the thirteen passenger cars.

The order of the Interstate Commerce Commission reads:

"That on and after September 1, 1910, on all railroads used in interstate commerce, whenever, as required by the Safety Appliance Act as amended March 2, 1903, any train is operated with power or train brakes, not less than 85 per cent. of the cars of such train shall have their brakes used and operated by the engineer of the locomotive drawing such train, and all power-brake cars in every such train which are associated together with the 85 per cent shall have their brakes so used and operated."

The District Court filed a written opinion, 41 F.(2d) ——, also made findings and conclusions, and entered judgment for the defendant. A similar disposition of a like case was recently made by Judge Sanborn in a case arising in Minnesota. 34 F.(2d) 812. In that case the parties were the same, and identical questions were presented.

The decision of the court in New York Central Company v. United States, 265 U. S. 41, 44 S. Ct. 436, 438, 68 L. Ed. 892, governs the disposition of this appeal. The statutes, as well as the substance of the orders of the Interstate Commerce Commission, are there set forth. The facts and the issues, it is true, are different. But the construction there given to the statute, and the order of the Commission, leaves no debatable ground upon which appellant can stand. The railroad company argued from the holding in that case that the pusher engine and its tender were not associated together with the passenger cars of the train, because they (the pusher engine and tender) were at the rear of the train and outside the "air line." In the last cited case the court said:

"The unlawfulness of the operation resulted from the association *in the air line* of cars having defective brakes with cars having brakes operated by the engineer. The cutting out of the defective brakes, leaving *the cars on the air line*, did not terminate the association. *While on the air line* having their brakes cut out, such cars are to be distinguished from hand-braked cars. Because they have no power line, it is impossible, within the meaning of the act, to associate hand-braked cars with cars equipped with power brakes operated by the engineer. And, *when not a part of the air line*, power-braked cars whose brakes will not work are not so associated. When placed to the rear of the cars having their brakes operated by the engineer, the air line on such cars cannot be used to operate any brakes on the train. Having inoperative brakes and being so located, they are not associated with the prescribed minimum; and section 2 of the act of 1903 [45 USCA § 9] does not require that they shall have their brakes operated by the engineer."

▮ The engine and tender in the instant case were to the rear of the train and outside the air line. They were therefore not associated together with the cars in the air line. The operation of their brakes by the engineer on the front engine was not required. There were more than 85 per cent. of the cars the brakes on which were operated by the engineer on the front engine. Hence there was no violation of the act.

▮ We are also of the opinion that the pusher engine and tender were not "cars" within the meaning of the train brake provision of the act.

While locomotive engines have been held to be "cars" within the provisions of this act, Johnson v. S. Pacific Company, 196 U. S. 1, 15, 25 S. Ct. 158, 49 L. Ed. 363; St. Joseph & Grand Island v. Moore, 243 U. S. 311, 37

S. Ct. 278, 61 L. Ed. 741; C. M. & P. S. v. U. S. (C. C. A.) 196 F. 882; Southern Railroad v. Crockett, 234 U. S. 725, 34 S. Ct. 897, 58 L. Ed. 1564; Pennell v. P. & R. R. R. Co., 231 U. S. 675, 34 S. Ct. 220, 58 L. Ed. 430, they are not necessarily so, Davis v. Manry, 266 U. S. 401.[1] This court in Wabash Railway v. U. S., 172 F. 864, 865, said: "The difficulty with this reasoning is [that an engine being a car in some instances must always be considered a car], first, in the assumption that under the doctrine of the Johnson Case a locomotive and a car are synonymous terms in every respect and for every purpose—a rigidity of construction that the Supreme Court never intended."

The limited purpose of the pusher engine on the train, its inability to successfully carry out its purpose, if its power brakes be connected with the air controlled by the front engine, tends to support appellee's construction of the statute.

That the decree should be affirmed is the conclusion of all members of this court. One member, however, differs with the majority in its holding that the engine is not a car within the meaning of the train brake provision of this act. Another member does not agree with the conclusion that the engine and passenger cars were not "associated together" as that term is used in the act.

The judgment is affirmed.